

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*     *(973) 645-2700*
*Newark, New Jersey  07102*

October 19, 2017

Lawrence S. Lustberg, Esq.
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310

Steven H. Sadow, Esq.
Schulten Ward & Turner
260 Peachtree Street, N.W.
Suite 2700
Atlanta, Georgia 30303

    Re:  Plea Agreement with Keila Ravelo
          Criminal No. 15-576

Dear Counsel:

    This letter sets forth the plea agreement between your client, Keila Ravelo and the United States Attorney for the District of New Jersey ("this Office"). This Office's offer to enter into this plea agreement will expire on October 27, 2017 if it is not accepted in writing by 5:00 p.m. on that date.

Charge

    Conditioned on the understandings specified below, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from Keila Ravelo to Count One and Count Nine of the Indictment, Crim. No. 15-576 (KM). Count One charges her with conspiring and agreeing with Melvin Feliz to commit wire fraud contrary to Title 18, United States Code, Section 1343, in violation of Title 18, United States Code, Section 1349. Count Nine charges her with tax evasion, in violation of Title 26, United States Code, Section 7201.

    If Keila Ravelo enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Keila Ravelo concerning the charges and conduct alleged and described in the Indictment, Crim. No. 15-576 (KM). In addition, if Keila Ravelo fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will

move to dismiss Counts Two through Eight of the Indictment, Criminal No. 15-576 (KM), against her. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Keila Ravelo agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Keila Ravelo may be commenced against her, notwithstanding the expiration of the limitations period after Keila Ravelo signs the agreement.

This plea agreement is contingent upon approval by the Department of Justice, Tax Division.

Should the Court at any time reject this plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea. In the event that the court defers a decision whether to accept the plea or the plea agreement until the court has reviewed the presentence report, neither party will move to withdraw the plea or to withdraw from this agreement unless the court ultimately rejects the proposed plea. This Office will advise the Court and the United States Probation Department of information related to sentencing, and such information may be used by the Court in determining Keila Ravelo's sentence.

Sentencing

The violation of 18 U.S.C. § 1343 charged in Count One of the Indictment to which Keila Ravelo agrees to plead guilty carries a statutory maximum prison sentence of 20 years' imprisonment and a statutory maximum fine of $250,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 26 U.S.C. § 7201 charged in Count Nine of the Indictment to which Keila Ravelo agrees to plead guilty carries a statutory maximum prison sentence of 5 years imprisonment and a statutory maximum fine of not more than $100,000. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on Keila Ravelo, the sentencing judge: (1) will order Keila Ravelo to pay an assessment of $100 per count ($200 total) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) with respect to Count One, must order Keila Ravelo to pay restitution pursuant to 18 U.S.C. §§ 3663A et seq. and with respect to Count Nine, may order Keila Ravelo to pay restitution pursuant to 18

U.S.C. §§ 3663 et seq.; (3) with respect to Count One, may order Keila Ravelo pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offenses; (4) with respect to Count Nine, may order Keila Ravelo to pay the costs of prosecution; and (5) with respect to both counts, pursuant to 18 U.S.C. § 3583, may require Keila Ravelo to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Keila Ravelo be placed on a term of supervised release for either count and subsequently violate any of the conditions of supervised release before the expiration of its term, Keila Ravelo may be sentenced to not more than two years' imprisonment for each count, which may be concurrent or consecutive, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

This Office and Keila Ravelo agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence to be imposed on Keila Ravelo, should be as follows: (i) with respect to **Count One**, a prison sentence of at least 48 months but not greater than 72 months, and a term of supervised release of 3 years; (ii) with respect to **Count Nine**, a prison sentence of at least 48 months but not greater than 72 months, and a term of supervised release of 3 years, both of which shall run concurrent to the terms of imprisonment and supervised release imposed on Count One; (iii) a special assessment of $200 ($100 per count); (iv) forfeiture as set forth in the forfeiture section of this agreement; and (v) restitution in an amount to be determined by the Court for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses. Pursuant to Rule 11(c)(1)(C), this Office and Keila Ravelo agree that no other sentence or fine is appropriate beside those set forth in this paragraph. If the Court accepts this plea agreement, Keila Ravelo must be sentenced accordingly.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Keila Ravelo by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Keila Ravelo's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Keila Ravelo agree to stipulate at sentencing to the statements set forth in the attached Schedule A, including that the appropriate sentence to be imposed is a stipulated term between 48 months and 72 months of incarceration, regardless of the advisory range under the United States Sentencing Guidelines. The parties agree that a sentence within the stipulated term between 48 months and 72 months of incarceration is appropriate taking into account all of the factors under 18 U.S.C. § 3553(a), including the advisory Guidelines range determined by the Court. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. While the Court is not bound by the parties' stipulations concerning sentencing Guidelines calculations, the Court is bound to sentence Keila Ravelo to a term of incarceration between 48 months and 72 months under Federal Rule of Criminal Procedure 11(c)(1)(C), if the Court accepts the plea.

### Waiver of Appeal and Post-Sentencing Rights

Keila Ravelo knowingly and voluntarily waives the right to file any appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the conviction or sentence imposed by the Court, including but not limited to all constitutional and statutory challenges, if the plea is accepted and the sentence includes a period of incarceration between 48 months and 72 months, forfeiture as set forth in the forfeiture section of this agreement; and restitution in an amount to be determined by the Court.

This Office will not file any appeal, motion or writ which challenges the conviction or sentence imposed by the Court if that sentence includes a period of incarceration between 48 months and 72 months, forfeiture as set forth in the forfeiture section of this agreement; and restitution in an amount to be determined by the Court. Furthermore, if the Court accepts the terms of this plea agreement, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the Court erred in doing so.

Both parties reserve the right to oppose or move to dismiss any 6appeal, collateral attack, writ, or motion barred by the preceding paragraphs and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraphs.

### Forfeiture

As part of her acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Keila Ravelo agrees to forfeit to the United States all of her right, title, and interest in any property, real or personal, which constitutes or is derived from any proceeds the defendant obtained that are traceable, directly or indirectly, to the offense(s) charged in Count One of the Indictment. Keila Ravelo further agrees that the aggregate value of such property was $7,897,143; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, in an amount not to exceed $7,897,143 (the "Forfeiture Amount"). The defendant further consents to the entry of an order requiring the defendant to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Order shall be made by postal money order, bank, or certified check, made payable in this instance to the U.S. Department of Treasury, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Any forfeiture payments made by defendant Keila Ravelo shall be credited to the Forfeiture Amount and shall also be credited to the Forfeiture Amount ordered as to defendant Melvin Feliz in Case No. 15-cr-421 (KM). Any forfeiture payments made by Melvin Feliz shall be credited to his own Forfeiture Amount and will also be credited to the Forfeiture Amount for which defendant Keila Ravelo is liable. The total amount forfeited from both of these defendants may not exceed $7,897,143, and each of these defendant's forfeiture liabilities shall be discharged if and when the United States recovers that amount.

Keila Ravelo further agrees, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), to forfeit all of her right, title, and interest in the specific property listed on Schedule B hereto (the "Specific Property"), which the defendant admits has the requisite nexus to the offense charged in Count One of the Indictment. Any forfeited money and the net proceeds from the sale of the Specific Property will be applied to the Forfeiture Amount, in partial satisfaction thereof.

Based on the foregoing, Keila Ravelo also consents to the entry of Preliminary Orders of Forfeiture and Interlocutory Orders of Sale as to the Specific Property, pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure. Within 90 days of the entry of her plea, Keila Ravelo further agrees to vacate or, subject to the provisions governing third-party claims set forth in 21 U.S.C. § 853(n), cause all occupants to vacate all real property listed in Schedule B, except that Keila Ravelo shall vacate or, subject to the provisions governing third-party claims set forth in 21 U.S.C. § 853(n), cause all occupants to vacate the residence at 164 Chestnut Street, Englewood, New Jersey ("the property") by or on the date she is ordered to voluntarily surrender to the institution designated by the Federal Bureau of Prisons to serve her prison sentence ("the occupancy period). Defendant agrees to preserve the value of the property during the occupancy period, including taking all reasonable steps to ensure that the interior and exterior of the property, including its fixtures, and appliances, are not removed, depreciated, or damaged. Defendant further agrees to allow the government to inspect, inventory, and/or appraise the property and at mutually agreed upon times to ensure its continued maintenance. Defendant further agrees to promptly notify the Office if she learns of any condition that might affect the sale of the Property. Further, because all of the specific property subject to forfeiture as a result of the defendant's conviction of the offense charged in Count One of the Information has not been identified as of the date of this agreement, and may not be identified prior to sentencing, the defendant agrees to consent to the entry of amended preliminary orders of forfeiture when additional specific property is identified, pursuant to Rule 32.2(b)(2)(C) of the Federal Rules of Criminal Procedure.

Keila Ravelo waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of a Forfeiture Order directing the defendant to pay the Forfeiture Amount that will be final as to the defendant prior to sentencing. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this

pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

This Office will recommend to the Attorney General that any forfeited money and the net proceeds derived from the sale of the Forfeitable Property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 981(e), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

Keila Ravelo further agrees that not later than forty-five (45) days prior to sentencing she will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Keila Ravelo fails to provide a complete and accurate Financial Disclosure Statement by the date she enters her plea of guilty, or if this Office determines that Keila Ravelo has intentionally failed to disclose assets on her Financial Disclosure Statement, Keila Ravelo agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Immigration Consequences

Keila Ravelo understands that, if she is not a citizen of the United States, her guilty plea to the charged offenses, that is Counts One and Nine of the Indictment, Crim. No. 15-576 (KM) will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Keila Ravelo understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Keila Ravelo wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Keila Ravelo understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Keila Ravelo waives any and all challenges to her guilty plea and

- 7 -

to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Keila Ravelo, with the exception of the civil forfeiture action pending in civil Case No. 14-cv-7936 (JMV), which the this Office will move to dismiss following the entry of final order(s) of forfeiture in this case (15-cr-576) as to the properties named in the civil forfeiture action (14-cv-7936). This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Keila Ravelo.

No provision of this agreement shall preclude Keila Ravelo from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Keila Ravelo received constitutionally ineffective assistance of counsel.

Prior to the date of sentencing, Keila Ravelo shall: (1) file accurate amended personal income tax returns for calendar years 2008 through 2014 or enter into a Form 870 Waiver of Restrictions on Assessments and Collections of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns for the aforementioned years; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Keila Ravelo agrees to allow the contents of Keila Ravelo IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Keila Ravelo. With respect to disclosure of the criminal file to the Internal Revenue Service, Keila Ravelo waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e) and any

other right of privacy with respect to Keila Ravelo's tax returns and return information.

## No Other Promises

This agreement constitutes the plea agreement between Keila Ravelo and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

WILLIAM E. FITZPATRICK
Acting United States Attorney

By: Brian Urbano
Assistant U.S. Attorney

APPROVED:

Thomas J. Eicher
Chief, Criminal Division

- 9 -

I have received this letter from my attorneys, Lawrence Lustberg, Esq. and Steven H. Sadow, Esq. My attorneys and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences, as well as the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 10/30/17
Keila Ravelo


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences, as well as the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 10/30/17
Lawrence Lustberg, Esq.

_____  Date: 11/1/17
Steven H. Sadow, Esq.

- 10 -

## Plea Agreement With Keila Ravelo

### Schedule A

1.      This Office and Keila Ravelo agree to stipulate to the following facts:

a. Keila Ravelo participated in a conspiracy that existed from in or about January 2008 through on or about November 2014. In joining the conspiracy, Keila Ravelo knowingly and intentionally conspired and agreed to defraud two law firms and a client thereof and to obtain money and property from those law firms and/or the above-referenced client, by means of materially false representations and promises. The parties agree that the $7,897,143 that the two law firms (as defined in the Indictment) paid the two vendors (as defined in the Indictment) based upon fraudulent representations was reasonably foreseeable to Keila Ravelo and within the scope of the jointly undertaken criminal activity and therefore in determining loss, including relevant conduct as defined in U.S.S.G. § 1B1.3, forfeiture and restitution, the parties agree that the law firms paid $7,897,143 to the vendors. For purposes of arguing for the appropriate sentence in the second and third step of the sentencing process as dictated by United States v. Booker, Keila Ravelo reserves the right to argue that she joined the conspiracy in 2012 while the United States maintains and reserves the right to argue that she joined the conspiracy in 2008.

b. Keila Ravelo and co-defendant Melvin Feliz knowingly and willfully failed to report a total of $7,897,143 in individual income to the Internal Revenue Service for the years 2008 through 2012, resulting in a total tax loss of $2,246,667.

2.      In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the following sentence is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a): (i) with respect to **Count One**, a prison sentence of at least 48 months but not greater than 72 months, and a term of supervised release of 3 years; (ii) with respect to **Count Nine**, a prison sentence of at least 48 months but not greater than 72 months, and a term of supervised release of 3 years, both of which shall run concurrent to the terms of imprisonment and supervised release imposed on Count One; (iii) a special assessment of $200 ($100 per count); (iv) forfeiture as set forth in the forfeiture section of this agreement; and (v) restitution in an amount to be determined by the Court for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses (the

- 11 -

"Stipulated Sentence") The parties further agree that neither party will argue for a sentence above or below the Stipulated Sentence. Furthermore, should the Court reject this agreement, either party may elect to be relieved of the terms of this plea, and the parties will be returned to the status prior to entry of the plea.

3. If the sentencing court sentences Keila Ravelo in accordance with the Stipulated Sentence, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

## Plea Agreement With Keila Ravelo

## Schedule B

1. All property listed as subject to forfeiture in the Verified Complaint filed in *United States v. The Real Properties Located at 164 Chestnut Street, Englewood Cliffs, New Jersey, et al.*, Case No. 14-cv-7936 (JMV), including the proceeds from the interlocutory sales of properties named in such Verified Complaint. These properties are:

    i) 164 CHESTNUT STREET, ENGLEWOOD CLIFFS, NEW JERSEY;

    ii) 5506 INSPIRATION TERRACE, BRADENTON, FLORIDA;

    iii) 465 BRICKELL AVE, UNIT 4002, MIAMI, FLORIDA;

    iv) 465 BRICKELL AVENUE, UNIT 4001, MIAMI, FLORIDA; AND

    v) 1740 TAYLOR AVENUE, BRONX, NEW YORK.

2. One 2009 Bentley Continental Flying Spur Sedan, VIN SCBBP93W39C061317.

3. 485 BRICKELL AVENUE, UNIT 2506, MIAMI FLORIDA

4. MET 1 CONDOMINIUM UNIT PH-3807, 300 SOUTH BISCAYNE BLVD., PH-3807, MIAM, FLORIDA 33131-0000

5. 22 CHURCHILL ROAD, ENGLEWOOD CLIFFS, NEW JERSEY