2015R00829/JA/BAW/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Kevin McNulty, U.S.D.J. |
| v. | : | Crim. No. 15-576 (KM) |
| KEILA RAVELO | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) AND PRELIMINARY ORDER OF |
| | : | FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS |
| | : | TO THE DEFENDANT) |

WHEREAS, on or about November 20, 2017, defendant Keila Ravelo pleaded guilty pursuant to a plea agreement with the United States to Counts One and Nine of the Indictment, which charged her with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349 (Count One), and tax evasion, in violation of 26 U.S.C. § 7201 (Count Nine);

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349, shall forfeit to the United States all right, title and interest in any property, real or personal, the person obtained which constitutes or is derived from any proceeds obtained that are traceable, directly or indirectly, to the conspiracy offense charged in Count One;

WHEREAS, in the plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), (i)

a sum of money equal to $7,897,143, which the defendant stipulated was the value of the proceeds obtained, directly or indirectly, that are traceable, directly or indirectly, to the conspiracy offense charged in Count One of the Indictment the ("Money Judgment"); and (ii) all of the defendant's right, title and interest in the specific property listed below (the "Specific Property"), with any forfeited money and the net proceeds derived from the sale of the forfeited Specific Property to be applied to the Money Judgment, in partial satisfaction thereof:

  (a) 164 Chestnut Street, Englewood Cliffs, New Jersey;

  (b) The proceeds of the sale of 5506 Inspiration Terrace, Bradenton, Florida, in the amount of $668,030.47;

  (c) The proceeds of the sale of 465 Brickell Ave.; Units 4001 and 4002, Miami Florida, in the amount of $919,936.61;

  (d) 1740 Taylor Avenue, Bronx, New York;

  (e) One 2009 Bentley Continental Flying Spur Sedan, VIN SCBBP93W39C061317;

  (f) 485 Brickell Avenue, Unit 2506, Miami, Florida;

  (g) Met 1 Condominium Unit PH-3807, 300 South Biscayne Blvd., Miami, Florida 33131-0000 (the "Met 1 Condo"); and

  (h) 22 Churchill Road, Englewood Cliffs, New Jersey,

(hereinafter referred to collectively as the "Specific Property");

  WHEREAS, the defendant admits that the Specific Property (with the exception of the Met 1 Condo) has the requisite nexus to the conspiracy offense to which the defendant has agreed to plead guilty;

WHEREAS, the defendant further agrees that "one or more of the conditions set forth in 21 U.S.C. § 853(p), exists," entitling the United States to seek the forfeiture of substitute assets for the purpose of satisfying the Money Judgment in full;

WHEREAS, the defendant agrees to forfeit all of her right, title, and interest, and all right, title, and interest held by Worldwide Life Designs, LLC, a New Jersey limited liability corporation, the members of which are the defendant and Melvin Feliz, in the Met 1 condo as a substitute asset, pursuant to 21 U.S.C. § 853(p);

WHEREAS, the defendant further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; acknowledges she understands that criminal forfeiture is part of the sentence that may be imposed in this case; waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

WHEREAS, the provisions of 21 U.S.C. § 853(n) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

## *Money Judgment*

1. As a result of the offense charged in the Indictment, to which the defendant Keila Ravelo has pleaded guilty, and the Court having accepted the stipulation in the plea agreement regarding the amount of the proceeds received by the defendant, the defendant shall forfeit to the United States the sum of $7,897,143 representing the proceeds the defendant obtained that are traceable, directly or indirectly, to the conspiracy offense charged in Count One of the Indictment (the "Money Judgment"), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Federal Rule of Criminal Procedure 32.2(b).

2. All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Department of the Treasury, Internal Revenue Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

3. All payments on the Money Judgment are forfeited to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p). The United States Department of the Treasury shall deposit the substitute funds in its seized assets deposit account, and upon clearing of the financial instrument, shall deposit the substitute assets in the Treasury Asset Forfeiture Fund, for disposition according to law. The United States shall have clear title to such substitute assets up to the amount of the Money Judgment.

4. When the Money Judgment is fully satisfied, the United States shall file a satisfaction of this Order of Forfeiture.

### *Specific Property*

5. As a further result of the defendant's conviction of the conspiracy offense charged in Count One of the Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement and the record as a whole, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

6. Any forfeited money and the net proceeds derived from the sale of forfeited property will be applied to the Money Judgment until the Money Judgment is satisfied in full. Any forfeiture payments made by defendant Keila Ravelo shall be credited to the Money Judgment and shall also be credited to the Money Judgment ordered as to defendant Melvin Feliz in Case No. 15-cr-421 (KM). Any forfeiture payments made by Melvin Feliz shall be credited to

his own Money Judgment and will also be credited to the Money Judgment for which defendant Keila Ravelo is liable. The total amount forfeited from both of these defendants may not exceed $7,897,143, and each of these defendant's forfeiture liabilities shall be discharged if and when the United States recovers that amount.

7. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Keila Ravelo, shall be made part of the sentence of defendant Keila Ravelo, and shall be included in the judgment of conviction therewith.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Department of the Treasury, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control, with the following exceptions:

    (a) 164 Chestnut Street, Englewood, New Jersey – The United States shall not take possession, custody, and control of 164 Chestnut Street, Englewood Cliffs, New Jersey, before the date the defendant voluntarily surrenders to the institution designated by the Federal Bureau of Prisons to serve her prison sentence.

    (b) 22 Churchill Road, Englewood Cliffs, New Jersey – The United States shall not take possession, custody, or control of 22 Churchill Road, Englewood Cliffs, New Jersey, before (i) 210 days from the date of the plea hearing, or (ii) the date

Keila Ravelo reports to the Bureau of Prisons, whichever first occurs.

9. From the date of the plea hearing to the date the United States takes possession of 164 Chestnut Street, Englewood, New Jersey and 22 Churchill Road, Englewood Cliffs, New Jersey (the "occupancy periods"), defendant agrees to preserve the value of such property, including taking all reasonable steps to ensure that the interior and exterior of the properties, including their respective fixtures and appliances, are not removed, depreciated, or damaged. Defendant further agrees to allow the government to inspect, inventory, and/or appraise the properties at mutually agreed upon times to ensure their continued maintenance. Defendant further agrees to promptly notify the Office if she learns of any condition that might affect the sale of either property.

10. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the

government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

12. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

13. Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

14. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and any other applicable provision of federal or state law, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property to satisfy the Money Judgment or in connection with any petitions filed with regard to the Specific Property,

```
```

including depositions, interrogatories, requisite for admissions, requests for production of documents, and the issuance of subpoenas.

15. The Clerk of the Court is directed to enter a money judgment against the defendant in favor of the United States in the amount of $7,897,143.

16. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 20th day of November, 2017.

Hon. Kevin McNulty, U.S.D.J.
United States District Court

The undersigned hereby consent to
the entry and form of this Order:

WILLIAM E. FITZPATRICK
Acting United States Attorney

_____
By: BRIAN URBANO
Assistant United States Attorney

Dated: 11/20/17

_____
LAWRENCE LUSTBERG, ESQ.
Attorney for Defendant
Keila Ravelo

Dated: 11/20/17

_____
STEVEN H. SADOW, ESQ.
Attorney for Defendant
Keila Ravelo

Dated: 11/20/17

_____
Keila Ravelo,
Defendant

Dated: 11/20/17